IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMIL LEWIS | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-464-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Petitioner Emil Lewis' Motion filed pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1). For the following reasons, Lewis' motion is **DENIED**.

### Factual and Procedural Background

Lewis was indicted on February 6, 2018, for conspiracy to distribute cocaine (Count 1) and distribution of cocaine (Counts 3, 4 and 5). *See United States v. Kaufman*, 15-cr-30025-SMY at Doc. 1. He pleaded guilty and was sentenced on September 13, 2018, to 240 months' imprisonment and 10 years of supervised release. Judgment was entered on October 2, 2018, and Lewis not take a direct appeal. Lewis filed this action under 28 U.S.C. § 2255 on May 19, 2020 seeking collateral review of his sentence and asserting ineffective assistance of counsel.

### Discussion

Section 2255(f) imposes a 1-year period of limitations for the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on October 2, 2018, and Lewis did not appeal his conviction. Thus, the Judgment became final 14 days

after it was entered and the deadline to file a notice of appeal expired. 28 U.S.C. § 2255(f)(1); Fed.R.App.P. 4(b)(1)(A). Lewis' § 2255 motion, filed on May 19, 2020, is clearly untimely.

Lewis acknowledges that his habeas petition was filed outside the one-year statute of limitations but that the Court should find the limitations period equitably tolled. The § 2255 limitation period is procedural and can be equitably tolled if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999). "Equitable tolling is an extraordinary remedy" and "is rarely.

In *Holland,* the attorney appointed to represent the petitioner in all state and federal postconviction proceedings failed to timely file the petitioner's federal habeas petition and was unaware of when the limitations period expired. *Holland,* 560 U.S. at 635–36, 652. The Supreme Court noted that these facts alone might suggest simple negligence, which does not warrant tolling the period of limitation. *Id.* at 652. However, the attorney also failed to (1) timely file the petition despite the petitioner's repeated letters emphasizing the importance to do so and identifying the applicable legal rules; (2) inform the petitioner when the state supreme court decided his case, despite the petitioner's many requests for that information; and (3) communicate with his client over a period of years, despite the petitioner's numerous requests that counsel respond to the petitioner's letters. *Id.* The Court found that the attorney's failures prejudiced the petitioner because the petitioner lost his one opportunity to challenge his imprisonment and death sentence by way of a federal habeas petition. *Id.* at 653.

Here, Lewis has shown neither that he diligently pursued his rights nor that some extraordinary circumstance prevented him from timely filing his habeas petition. He asserts that his attorney failed to file a notice of appeal, but attorney negligence is generally not an extraordinary circumstance for purposes of equitable tolling. *See Modrowski v. Mote,* 322 F.3d 965, 967 (7th Cir. 2003) (missing filing deadline does not constitute extraordinary circumstances) (collecting cases). Additionally,

Lewis has failed to demonstrate how or why the failure to file an appeal logically contributed to missing the statute of limitations deadline for his habeas petition.

Accordingly, the 1-year statute of limitations cannot be equitably tolled, and Lewis's Petition is **DENIED**.  This action is **DISMISSED with prejudice** and judgment shall enter accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first obtain a certificate of appealability.  *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003).  A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right.  *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014).  This requires a finding that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Lewis has not demonstrated that reasonable jurists would disagree as to the Court's timeliness determination.  Therefore, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

    **IT IS SO ORDERED.**

    **DATED:  September 25, 2023**

    **STACI M. YANDLE**
    **United States District Judge**